# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

| | |
|---|---|
| PATRICIA MARTINEZ ) | |
| ) | |
|     Plaintiff ) | |
| ) | |
| VS. ) | Civil Action No: _____ |
| ) | |
| KROGER, LP ) | |
| ) | |
|     Defendant ) | |

## PLANITFF PATRICIA MARTINEZ' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES COURT:

Plaintiff Patricia Martinez files this Complaint complaining of Defendant Kroger, LP. In support Plaintiff respectfully shows the Court as follows:

### I.  PARTIES

Plaintiff Patricia Martinez ("Plaintiff") is an individual who is a resident and citizen of the State of Texas.

Defendant Kroger, LP is a for-profit Corporation organized under the laws of the State of Ohio with its principle offices in the State of Ohio.

### II.  MISNOMER/ALTER EGO

In the event any parties are misnamed or are not included herein, Plaintiff contends that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of the parties named.

### III.  JURISDICTION

This Court does have subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), in that there exists complete diversity of citizenship between plaintiff and defendants in this action, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### IV.  VENUE

Venue is proper in the Northern District of Texas, Dallas Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims emanated from the activities within this district/division.

### V.  FACTS

On or about January 9, 2023, Plaintiff was an invitee to Kroger Texas, LP. When Plaintiff exited the store her shopping cart stuck a large hole in the parking lot, causing Plaintiff to fall. As the dangerous condition was open and obvious, it is presumed that the Defendant had notice of the dangerous condition.

At the time of the occurrence in question, Defendant operated the premises as a business and owed Plaintiff a duty to exercise ordinary care to ensure that their premises were safe. Defendant failed to maintain their premises, causing Plaintiff to fall.

As a direct and proximate result of the collision, Plaintiff sustained bodily injuries and the legal damages sought in this complaint.

### VI.  COUNT 1

#### *Negligence – Premises Liability*

Plaintiff incorporates herein by reference all allegations set forth in the preceding paragraphs.

The negligence of Defendant, its employees, agents and/or representatives acting within the scope of their employment was a proximate cause of the occurrence in question and Plaintiff's injuries and damages. Defendant owned, managed and/or maintained the Premises in question and had control of the Premises. At the time of the incident, Defendant was operating a business and the premises was open to the general public for the business's purposes. The Plaintiff was on the premises as a customer of Defendant.

Defendant knew or through the exercise of due care should have known that the Premises, in the condition it was in at the time of the incident which forms the basis of this suit, posed an unreasonable risk of harm to persons on the Premises, including without limitation Plaintiff.

Defendant was negligent when they:

a. Failed inspect the Premises for defendants and/or unreasonably dangerous conditions;

b. Failed to make the Premises reasonably safe; and

c. Failed to make safe the dangerous conditions or provide adequate warning of the dangerous conditions for persons entering and exiting the Premises.

As a direct and proximate result of the foregoing acts and/or omissions, Plaintiff sustained bodily injuries and damages within the jurisdictional limits of this Court.

Such acts of negligence, gross negligence, and negligence *per se* of Defendants, whether acts of commission or omission and whether alone or in combination, proximately caused, and were a substantial cause, of the collision and injuries and damages suffered by each of the Plaintiffs.

### VII.   JURY DEMAND

Plaintiff demands a trial by jury.

## VIII.   CONDITIONS PRECEDENT

All conditions precedent to the filing of this complaint have been performed or have occurred.

## IX.   DAMAGES

As a direct and proximate result of the Defendant's negligence, gross negligence, and negligence *per se*, Plaintiff suffered the following injuries and damages;

a. Physical pain and mental anguish in the past and future.

b. Lost earnings.

c. Loss of earning capacity.

d. Physical impairment in the past and future.

e. Reasonable medical expenses in the past and future.

## X.   PRAYER FOR RELIEF

For these reasons, Plaintiffs respectfully prays that judgment be entered against Defendant for the following relief:

a. Actual Damages as complained of above;

b. Compensatory Damages;

c. Exemplary Damages;

d. Court Costs;

e. The maximum amount of pre- and post-judgment interests allowed by law;

f. All other damages sought in this Complaint; and

g. Any such other and further relief, general or special, legal or equitable, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

**THOMPSON LAW LLP**
3300 Oak Lawn Avenue, 3rd Floor
Dallas, Texas 75219
Tel. 214/755-7777
Fax 214/716-0116

*[signature]*

**AMY BRYANT HEFNER**
State Bar No. 24011148
ahefner@triallawyers.com
**RYAN L. THOMPSON**
State Bar No. 24046969
rthompson@triallawyers.com

**ATTORNEYS FOR PLAINTIFF**